IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DIONATA WASHINGTON,

    Defendant.

Case No. 20-20048-JAR

## MEMORANDUM AND ORDER

On February 22, 2021, Defendant Dionata Washington pleaded guilty under a Fed. R. Civ. P. 11(c)(1)(C) plea agreement, to one count of using and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2.[1] On June 1, 2021, this Court accepted the binding plea agreement, and sentenced Defendant to 60 months' imprisonment.[2] At Defendant's request, the Court recommended that Defendant be considered for designation to FCC Forest City, Arkansas to facilitate family visits.[3] He is currently incarcerated at the Federal Correctional Institution in Thomson, Illinois.

This matter is now before the Court on Defendant's *pro se* Motion Requesting a Judicial Recommendation for Maximum Halfway House Placement (Doc. 40). In this motion, Defendant asks the Court to make a recommendation to the Bureau of Prisons ("BOP") under the Second Chance Act that Defendant receive a twelve-month placement in a residential re-entry center ("RRC") at the conclusion of his sentence currently set for March 2025. The Court construes this request as a motion to amend the judgment or, in the alternative, for a supplemental

---

[1] Doc. 33.

[2] Doc. 38.

[3] Docs. 37, 38.

recommendation by the Court made outside of the judgment concerning RRC placement.[4]  As explained below, Defendant's motion is denied.

First, the Court has no authority or basis to amend the judgment.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5]  The Tenth Circuit has explained that there are three exceptions under 18 U.S.C. § 3582:

> (1) compassionate release; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) when "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[7]  None of the avenues set forth above apply to this case.

Second, the Court declines to exercise its discretion to make a supplemental recommendation outside the judgment concerning RRC placement.  The Court previously made its recommendations at sentencing based on Defendant's circumstances.  Defendant offers no

---

[4] *See United States v. McMillon*, No. 15-40064-05-DDC, 2017 WL 5904052, at *1 (D. Kan. Nov. 30, 2017) (construing the defendant's motion requesting transfer to RRC as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC); *United States v. Grant*, No. 14-CR-296-FL-1, 2017 WL 2799851, at *1 (E.D.N.C. June 28, 2017) (construing the defendant's motion for recommendation concerning length of RRC, halfway house, or home confinement placement time as a motion to amend the judgment, or, alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC or halfway house placement).

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(B) and (c)(2)) (citing 18 U.S.C. § 3582(c)(1)(A)–(c)(2)).

[7] *Id.* (quoting *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997)).

information that would warrant a supplemental recommendation to the BOP.[8]  Moreover, even if the Court were inclined to make the requested recommendation, it would not be binding on the BOP,[9] which has its own policies that will identify whether Defendant is eligible for RRC placement.[10]  Accordingly, the Court does not have the authority to amend or supplement its recommendation to the BOP as requested, and Defendant's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Requesting a Judicial Recommendation for Maximum Halfway House Placement (Doc. 40) is **denied**.

**IT IS SO ORDERED.**

Dated: April 26, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] *See McMillon*, 2017 WL 5904052, at *2 (declining to make supplemental RRC recommendations based on defendant's participation in prison sports program and RDAP); *Grant*, 2017 WL 2799851, at *1 (declining to make supplemental RRC recommendation because the court carefully considered multiple factors bearing on defendant's incarceration at sentencing).

[9] *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

[10] *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998).